UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAIN MALDONADO,

                           Plaintiff,

        v.                                          9:17-CV-1303
                                                        (BKS/TWD)

VIJAYKUMAR S. MANDALAYWALA, et al.,

                           Defendants.
_____

APPEARANCES:

SHAIN MALDONADO
15-B-2138
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Shain Maldonado commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application").[1] By Decision and Order of this Court filed February 6, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)

---

[1] Plaintiff's application to proceed IFP was initially denied as incomplete and the action was administratively closed. Dkt. No. 4. Thereafter, plaintiff properly re-filed his IFP Application and the Clerk was directed to re-open this action. Dkt. Nos. 6, 7.

and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 8 (the "February 2018 Order"). Presently before this Court is plaintiff's amended complaint. Dkt. No. 10 ("Am. Compl.").

## II.   DISCUSSION

### A.   The Complaint

In his original complaint, plaintiff asserted claims arising during his incarceration at Upstate Correctional Facility ("Upstate C.F."). *See generally* Compl.

The complaint was liberally construed to assert the following claims: (1) Eighth Amendment medical indifference claims against defendants Mandalaywala, Smith, Reome, and McClure; and (2) Fourteenth Amendment equal protection claims against defendants Mandalaywala, Smith, Reome, and McClure. *See* February 2018 Order at 6.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court found that plaintiff failed to state a claim against any of the defendants. *See generally* February 2018 Order. In light of his pro se status, plaintiff was granted an opportunity to submit an amended complaint if he wished to pursue this action. *Id.* at 15-17.

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### B.   Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in

2

the February 2018 Order and will not be restated in this Decision and Order. *See* February 2018 Order at 2-3.

Plaintiff's amended complaint is substantially the same as his original complaint with a few exceptions. *Compare* Compl. *with* Am. Compl. First, the amended complaint deletes all of plaintiff's claims against defendants Smith and Reome, as well as his equal protection claims. *See generally*, Am. Compl. Second, the amended complaint reasserts a medical indifference claim against defendant Mandalaywala, but based entirely on new allegations. *Id*. at 4-5. Third, the amended complaint asserts a medical indifference claim against the nurse who treated plaintiff on September 30, 2016, now identified as "MLB," based on facts similar to those alleged in the original complaint. *See* Compl. at 2; Am. Compl. at 2, 5. Fourth, the amended complaint asserts a medical indifference claim and an excessive force claim against unidentified "Officer Staff" at Great Meadow Correctional Facility arising out of plaintiff's stay there for approximately two weeks in December 2016. Am. Compl. at 3-4, 6. Fifth, the amended complaint includes some additional allegations in support of plaintiff's medical indifference claim against defendant McClure. *See generally*, Am. Compl. The remainder of the amended complaint is substantially similar to the original complaint. *Compare* Compl. *with* Am. Compl. For a more complete statement of plaintiff's claims, refer to the amended complaint.

### 1. Defendant Mandalaywala

Plaintiff's medical indifference claim against defendant Mandalaywala, a physician at Upstate C.F., is based on defendant Mandalaywala's alleged failure to make arrangements for plaintiff to have speech and physical therapy as recommended by one or more medical

3

professionals at the hospital where plaintiff was treated for a stroke in October 2016, as well as his alleged delay in issuing plaintiff a "flats" permit. Am. Compl. at 3-5. The amended complaint alleges that plaintiff experienced pain throughout his "whole right side" following his stroke, which has caused him complications with walking. *Id*. at 4-5. The amended complaint further alleges that defendant Mandalaywala was aware of plaintiff's need for physical and speech therapy -- which plaintiff requested on "several occasions" -- based on documents provided to him from the hospital where plaintiff was treated for a stroke. *Id*. at 5. In addition, the amended complaint alleges that defendant Mandalaywala could have "sign[ed] off on" a "flats" permit in "minutes[,]" but plaintiff had to wait "several weeks" from when he requested the permit to receive it, during which time his "physical pain" intensified. *Id*.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment medical indifference claim against defendant Mandalaywala survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 2. Defendant Nurse "MLB"

The amended complaint asserts a medical indifference claim against defendant nurse "MLB" based on his alleged failure to recognize that plaintiff was "clearly showing symptoms of a stroke" when he saw plaintiff at the infirmary on the evening of September 30, 2016, and his decision to treat plaintiff for low blood sugar instead of having plaintiff admitted for

4

observation. Am. Compl. at 2, 5. The medical records attached to the complaint document the assessment of plaintiff's blood sugar and a discussion of a diabetic diet and snacks. Dkt. No. 10-1 at 3. The medical record states that a snack was provided to plaintiff and notes "return to ER if symptoms persist." *Id.*

Defendant MLB's failure to properly diagnose plaintiff does not plausibly suggest that he was deliberately indifferent to plaintiff's medical needs. *Virgil v. Darlak*, No. 10-CV-6479, 2013 WL 4015368, at *7 (W.D.N.Y. Aug. 6, 2013) ("The mere fact that Darlak did not properly diagnose Virgil's condition, 'is insufficient, without more, to satisfy the subjective element of a claim of deliberate indifference to a serious medical need.'" (quoting *Clark v. Swain*, No. 08-CV-0637, 2011 WL 6938458, at *3 (W.D.N.Y. Oct. 12, 2011), report and recommendation adopted, 2012 WL 11128 (W.D.N.Y. Jan. 3, 2012)); *Frank, v. Cnty. of Ontario*, 884 F. Supp. 2d 11, 21 (W.D.N.Y. 2012) ("[t]o the extent that plaintiff alleges that [a physician] did not properly diagnose his condition, or its severity, such allegations do not evince culpable recklessness for purposes of the Eighth Amendment") (internal quotation omitted); *Espinal v. Coughlin*, No. 98-CV-2579, 2002 WL 10450, at *4 (S.D.N.Y. Jan. 3, 2002) (plaintiff's assertions that defendant "'failed to diagnose the correct information deliberately delaying [p]laintiff's access to treatment' is at most an allegation of negligence or disagreement with a course of treatment which does not rise to the deliberate indifference standard"). The amended complaint is devoid of any allegations which plausibly suggest that defendant MLB knew of and disregarded an excessive risk to plaintiff's health or safety when he failed to properly diagnose plaintiff's condition. At best, the amended complaint contains allegations related to negligence and malpractice. However, the protections afforded by the

5

Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. Therefore, a complaint that a physician, or any other medical personnel, "has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims. . . .").

Accordingly, plaintiff's medical indifference claim against defendant MLB is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim against him upon which relief may be granted.

### 3. Great Meadow Correctional Facility "Officer Staff"

Plaintiff alleges that while he was confined at Great Meadow Correctional Facility between December 13, 2016 and December 26, 2016, "Officer Staff" denied him medication "used to prevent another stroke[,]" and "diet trays." Am. Compl. at 6. Plaintiff further alleges that on December 26, 2016, "as [he] was preparing to leave Great Meadows [sic], [he] was ordered to place [his] hands on a high gate on Cell E-5[,]" and was "beat up" by "officers" when he was unable to do so. *Id*. at 4. Plaintiff has named only "Officer Staff – Great Meadows Corr. Fac." as a defendant with respect to his medical indifference and excessive force claims arising out of conduct that occurred at this facility.[2]

---

[2] Plaintiff alleges that "counselors" participated in denying him medication and diet trays, *see* Am. Compl. at 6, but he has not named "counselors" as a defendant. *See id*. at 1.

6

In this circuit, it is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

When the name of an individual defendant is unknown, it is not inappropriate to identify him or her in the pleading as a Doe defendant.  However, the pleading must allege facts sufficient to plausibly suggest that each Doe defendant was personally involved in the alleged constitutional deprivations.  *See Little v. Mun. Corp*., 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should Little chose to do so"); *Williams v. 120 PCT Undercover*, No. 11-CV-4690, 2011 WL 13128209, at *1 (E.D.N.Y. Oct. 18, 2011) (dismissing complaint without prejudice where plaintiff's claims provided information about the alleged constitutional deprivations, but were brought against "the 120 Precinct and District 9, a police precinct and district of the New York City Police Department").

In addition, "[p]leadings that do not differentiate which defendant was involved in the

7

unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, No. 15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017); *see also Wright v. Orleans Cnty.*, No. 14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a Section 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (citation and quotation marks omitted)); *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."). In other words, a pleading must allege facts which plausibly suggest both who was involved in the alleged constitutional deprivations, and how they were involved.

In this case, while it appears from the allegations in the amended complaint that more than one individual was personally involved in depriving plaintiff of adequate medical care and subjecting plaintiff to excessive force, plaintiff has named only "Officer Staff" as a defendant. With respect to his medical indifference claim, plaintiff fails to identify the individuals he filed requests with for medication and diet trays, the individuals who denied him medication and diet trays, or the date(s) and number of times these denials occurred. The allegations in the amended complaint therefore do not plausibly suggest who was personally involved in denying plaintiff adequate medical care, or how he or she was personally involved.

Similarly, with respect to plaintiff's excessive force claim, although he identifies the date when the alleged incident occurred, he has not alleged any facts regarding the number of officers involved in the alleged assault, how long the alleged assault lasted, or the nature of any injuries he suffered. It is also unclear from the amended complaint whether the

8

"officers" who allegedly "beat" plaintiff are the same individuals who denied him medication and diet trays. Thus, the allegations in the amended complaint fail to plausibly suggest who was personally involved in the alleged use of excessive force, or how he or she was personally involved.

Accordingly, plaintiff's Eighth Amendment claims against "Officer Staff" at Great Meadow Correctional Facility are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim upon which relief may be granted.[3]

### 4. Defendant McClure

Liberally construed, the amended complaint asserts a medical indifference claim against defendant McClure based on him allegedly sending plaintiff to his cell with no escort after seeing plaintiff experience difficulty with his "gait," waiting "more than two hours after [he] witnessed [plaintiff's] symptoms" to take plaintiff to the infirmary, and not returning plaintiff to the infirmary after witnessing plaintiff "stumbling and falling" on his way back to his cell from the infirmary. Am. Compl. at 2-3, 6-7.

The amended complaint does not contain any allegations which plausibly suggest that defendant McClure was aware that plaintiff was suffering from a serious medical condition at any point before he escorted plaintiff to the infirmary on September 30, 2016. Nor does the

---

[3] Plaintiff is granted leave to file a second amended complaint within 30 days from the date of this Decision and Order with respect to his claims arising out of his incarceration at Great Meadow C.F. Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the amended complaint in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights. If plaintiff cannot identify the individual defendant(s) within the time allowed, he may designate the individual as John (or Jane) Doe #1, and so on. However, the second amended complaint must set forth factual allegations regarding the actions taken by each Doe defendant which plaintiff relies on in support of his claim that the defendant was personally involved in conduct that violated his constitutional rights.

amended complaint contain any allegations which plausibly suggest that the less than three hour delay between when plaintiff first experienced difficulty with his "gait" and when he was taken to the infirmary was as a result of defendant McClure's deliberate indifference to plaintiff's serious medical needs.

Moreover, even assuming that defendant McClure failed to recognize that plaintiff's condition "was worsening" when defendant McClure escorted plaintiff back to his cell following plaintiff's first trip to the infirmary, at best, these allegations state a claim for negligence. Indeed, plaintiff alleges that he was taken to the infirmary for a second time the next day, escorted by defendant McClure and other corrections officers. Am. Compl. at 3. Thus, the amended complaint does not plausibly suggest that defendant McClure ignored plaintiff's request for medical treatment, or intentionally delayed plaintiff's access to medical care. *See Hodge v. Coughlin*, No. 92-CV-622, 1994 WL 519902, at *11 (S.D.N.Y. Sept. 22, 1994) (noting that "[t]o establish [a claim of deliberate indifference to serious medical needs on the part of nonmedical prison personnel] [a] plaintiff must prove that prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problems known to the attendant prison personnel or that the inmate suffered a complete denial of medical treatment"), *aff'd*, 52 F.3d 310 (2d Cir. 1995).

Accordingly, plaintiff's medical indifference claim against defendant McClure is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim against him upon which relief may be granted.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk is directed to add "MLB, Upstate Correctional Facility Nurse" and "Officer Staff, Great Meadow Correctional Facility" to the docket as defendants; and it is further

**ORDERED** that plaintiff's Eighth Amendment medical indifference claim against defendant Mandalaywala **SURVIVES** sua sponte review and requires a response; and it is further

**ORDERED** that plaintiff's claims against "Officer Staff" at Great Meadow Correctional Facility are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[4] and it is further

**ORDERED** that defendants Smith, Reome, McClure, "MLB," and "Officer Staff" are

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**DISMISSED without prejudice** as defendants to this action; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Mandalaywala.  The Clerk shall also forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendant Mandalaywala, or his counsel, respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:  April 12, 2018
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge