UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAIN MALDONADO,

                           Plaintiff,

      v.                                              9:17-CV-1303
                                                      (BKS/TWD)

VIJAYKUMAR S. MANDALAYWALA, et al.,

                           Defendants.

---

APPEARANCES:

SHAIN MALDONADO
15-B-2138
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. BARBARA UNDERWOOD          DAVID A. ROSENBERG, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Shain Maldonado commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application").[1] By Decision and Order of this Court filed February 6, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 8 (the "February 2018 Order"). Thereafter, plaintiff filed an amended complaint, dkt. no. 10, and by Decision and Order filed April 12, 2018, some of plaintiff's claims and defendants were dismissed (some with prejudice and some without prejudice) and the Court directed service and a response for plaintiff's Eighth Amendment medical indifference claim against defendant Mandalaywala that survived sua sponte review. Dkt. No. 11 (the "April 2018 Order"). Plaintiff subsequently filed a second amended complaint, Dkt. No. 15 ("SAC"), which is currently before the Court for review.

## II.   DISCUSSION

### A.   Summary of the Second Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2018 Order and will not be restated in this Decision and Order. *See* February 2018 Order at 2-4.

Among other claims, plaintiff's amended complaint asserted a medical indifference claim and an excessive force claim against unidentified "Officer Staff" at Great Meadow

---

[1] Plaintiff's application to proceed IFP was initially denied as incomplete and the action was administratively closed. Dkt. No. 4. Thereafter, plaintiff properly re-filed his IFP Application and the Clerk was directed to re-open this action. Dkt. Nos. 6, 7.

Correctional Facility ("Great Meadow C.F.") arising out of plaintiff's stay there for approximately two weeks in December 2016. Am. Compl. at 3-4, 6. These claims were dismissed without prejudice in the April 2018 Order. *See* April 2018 Order at 11. Plaintiff's second amended complaint includes some additional allegations in support of these claims, as well as allegations in support of an Eighth Amendment failure-to-intervene claim arising out of the alleged use of force that occurred on December 26, 2016, and a new Eighth Amendment conditions-of-confinement claim based on plaintiff's cell conditions during his two-week incarceration at Great Meadow C.F. *See generally*, SAC. The second amended complaint names as additional defendants Great Meadow C.F. Superintendent Christopher Miller, Great Meadow C.F. Corrections Officers D. Bennett, John Doe #1, and Jane Doe #3, and two offender rehabilitation coordinators at Great Meadow C.F. identified as Jane Doe #1 and Jane Doe # 2. *Id*. Plaintiff's second amended complaint is otherwise substantially the same as his amended complaint. *Compare* Am. Compl. *with* SAC. For a more complete statement of plaintiff's claims, refer to the second amended complaint.

    **B.**    **Analysis of the Second Amended Complaint**

        **1. Defendants Jane Doe #1 and Jane Doe #2**

Plaintiff alleges that he was "placed on a medical trip to Great Meadow [C.F.]" on December 12, 2016. SAC at 6. Upon his arrival at Great Meadow C.F., plaintiff "asked the CO on duty for [his] medication and explained that [he] was on a special diet tray." *Id*. Plaintiff "was mocked and [his] requests were ignored." *Id*. "On numerous occasions" thereafter, plaintiff asked the corrections officers on duty for his diet trays and medication, and "also informed them that [his] toilet and cell light did not work." *Id*. "[S]everal officers"

3

told plaintiff "they were not going to give [him] a diet tray" and that they did not know about his medication. *Id*. In addition, the unidentified corrections officers made "snide remarks" about plaintiff's cell conditions, and "never redressed the toilet that would not flush [or] the light that would not turn on." *Id*.

On four days between December 13, 2016 and December 26, 2016, plaintiff spoke with defendants Jane Doe #1 and Jane Doe #2 about not receiving his medication or diet trays, and his cell conditions. SAC at 6, 11. Defendant Jane Doe #1 told plaintiff that she would "look into it" but "never came back with any type of response." *Id*. at 11. Defendant Jane Doe #2 never responded to plaintiff regarding his issues. *Id*.

The Court liberally construes these allegations to assert Eighth Amendment claims against defendants Jane Doe #1 and Jane Doe #2 for medical indifference and inhumane conditions of confinement.

### a. Medical Indifference Claim

Plaintiff alleges that he was denied "his medications needed to prevent another stroke and diet trays as prescribed via hospital doctors." SAC at 10. The Court assumes, for purposes of this Decision and Order only, that plaintiff's post-stroke condition was, objectively speaking, "sufficiently serious" to support this claim. Moreover, the allegations in the second amended complaint plausibly suggest that defendants Jane Doe #1 and Jane Doe #2 were aware, for a period of at least four consecutive days, that plaintiff was not receiving his medication and diet trays, yet failed to remedy the situation. *See* SAC at 6, 11. In addition, plaintiff has alleged that it was the responsibility of these defendants to address the needs of inmates housed in "medical/transient cells," and that they "work as a liaison between

4

[inmates] and appropriate staff." *Id*. at 11.

Based on the foregoing, at this early stage of the proceeding, the Court finds that a response to this claim is warranted. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### b. Conditions-of-Confinement Claim

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981). To demonstrate that the conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective element. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). A plaintiff must demonstrate that (1) the conditions of confinement resulted in "unquestioned and serious deprivations of basic human needs," *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985); *see also Jolly*, 76 F.3d at 480, and (2) the defendants acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference.").

The Second Circuit has held that chronic exposure to human waste will give rise to a colorable Eighth Amendment claim. *See Gaston v. Coughlin*, 249 F.3d 156, 165-66 (2d Cir. 2001) (reinstating an inmate's Eighth Amendment claim against two defendants where the area in front of the inmate's cell "was filled with human feces, urine, and sewage water" for several consecutive days); *see also LaReau v. MacDougall*, 473 F.2d 974, 977-79 (2d Cir. 1972) (holding that inmate who spent five days in a cell that contained only a grate-covered hole in the floor for a toilet, which could only be flushed from the outside, was deprived of his Eighth Amendment rights). Although plaintiff does not allege that defendants Jane Doe #1 and Jane Doe #2 were responsible for plaintiff's cell conditions, he has alleged facts which plausibly suggest that they were aware of these ongoing conditions for at least four consecutive days, and failed to remedy them. SAC at 6, 11. In addition, as stated, plaintiff has alleged that it was the responsibility of these defendants to address the needs of inmates housed in "medical/transient cells[.]" *Id*. at 11.

Based on the foregoing, the Court finds that a response to this claim is warranted. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 2. Defendants Bennett, John Doe #1, and Jane Doe #3

Plaintiff alleges that on December 26, 2016, at approximately 8:00 a.m., defendant Bennett ordered him out of his cell for transport to Upstate Correctional Facility. SAC at 7. Plaintiff further alleges that defendant Bennett ordered him to "touch the gate above the cell's entrance with [his] hands," but as a result of his post-stroke condition, he was physically

6

unable to comply with the order. *Id.* In response, defendant Bennett yelled at plaintiff to comply with the order, after which point defendant John Doe #1 "came over and hit [plaintiff] on the back of [his] head." *Id*. at 8. Plaintiff was then "hit again," and "passed out" moments later. *Id*.

When plaintiff awoke, defendant John Doe #1 hit him again, then "grabbed [plaintiff] by [his] underarm" and pulled him to his feet. SAC at 8. As defendant John Doe #1 was pulling plaintiff up, defendant Jane Doe #3 stood by "laughing at [plaintiff] and making threatening remarks." *Id*. Defendant Bennett then hit plaintiff in the back of the head and told him to 'Stop being stubborn.'" *Id*.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment excessive force claim against defendants Bennett and John Doe #1 survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

The Court, however, reaches a different conclusion with respect to defendant Jane Doe #3 because the second amended complaint does not allege that she was in close proximity to plaintiff before he passed out from being hit twice by defendant John Doe #1. *See generally*, SAC. Moreover, although plaintiff alleges that defendant Jane Doe #3 was visible to him when he was lifted to his feet by defendant John Doe #1, he has failed to allege facts which plausibly suggest that she knew plaintiff was likely to be hit again, and had an opportunity to intervene to prevent plaintiff from being hit one additional time by defendant

7

Bennett. *See Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim, an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene."); *Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (denying as futile leave to amend to add failure-to-intervene claim against corrections official where the proposed amended complaint was "devoid of any factual allegations against P.O. Myers with respect to the failure to intervene claim, such as, for example, where P.O. Myers was located and what she was doing when P.O. Baksh pepper sprayed the plaintiff's face"); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 429 (N.D.N.Y. 2009) (excusing an officer from liability "despite his presence, if the assault is 'sudden and brief,' such that there is no real opportunity to prevent it"). In addition, plaintiff's conclusory allegation that defendant Jane Doe #3 "laugh[ed] at [him]" and made "threatening remarks" does not state an Eighth Amendment claim. *See Johnson v. Eggersdorf*, 8 Fed. App'x 140, 143 (2d Cir. 2001) ("allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under . . . § 1983").

Accordingly, plaintiff's failure-to-intervene claim against defendant Jane Doe #3 is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Defendant Miller

Plaintiff alleges that defendant Miller, as the Superintendent of Great Meadow C.F., "is responsible for his staff and the conditions that an inmate has to live in," and is therefore liable for the alleged constitutional violations. SAC at 10.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation

9

was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[2]

Here, it appears that plaintiff has named defendant Miller as a defendant solely because of his position as Superintendent of Great Meadow C.F., which is insufficient to demonstrate his personal involvement. Indeed, plaintiff has failed to allege facts which plausibly suggest that defendant Miller was even aware of any of the alleged ongoing constitutional violations between December 12, 2016 and December 26, 2016. *See White v. Fischer*, No. 9:09-CV-0240 (DNH/DEP), 2010 WL 624081, at *6 (N.D.N.Y. Feb. 18, 2010) ("Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability."); *Nash v. McGinnis*, 585 F. Supp. 2d 455, 460 (W.D.N.Y. 2008) ("Although plaintiff need not plead facts in great detail, the formulaic allegation that [the Superintendent] was aware of the alleged violations and did nothing to stop them from occurring, without some factual allegations to explain the basis for that conclusion, is insufficient to render it plausible that [the Superintendent] was personally involved in the alleged constitutional deprivations."); *Williams v. Fisher*, No. 02-CV-4558, 2003 WL 22170610, at *9 (S.D.N.Y. Sept. 18, 2003) (conclusory allegations which fail to show how defendant prison Superintendent was personally involved in, or aware of, the

---

[2] The Second Circuit has not yet addressed how the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal*] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

alleged constitutional violation, are insufficient to support a claim for deliberate indifference); *Thomas v. Coombe*, No. 95-CV-10342, 1998 WL 391143, at *5 (S.D.N.Y. July 13, 1998) ("It is not enough to allege that officials failed to carry out the duties of their office or without defining these duties or how each defendant failed to meet them.").

Based upon the foregoing, the Court finds that the second amended complaint fails to state a claim against defendant Miller upon which relief may be granted. Thus, defendant Miller, and all claims against him, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Defendant Mandalaywala

In addition to asserting his claims against various defendants from Great Meadow C.F., plaintiff also reasserts his medical indifference claim against defendant Mandalaywala based largely on the same allegations as set forth in the amended complaint. *Compare* Am. Compl. *with* SAC.

The Court found in the April 2018 Order that this claim survived sua sponte review and required a response. *See* April 2018 Order at 3-4, 11. For the reasons set forth in the April 2018 Order, this claim once again survives sua sponte review and requires a response.

## III. SERVICE ON THE DOE DEFENDANTS

Although plaintiff's claims against defendants Jane Doe #1, Jane Doe #2, and John Doe #1 have survived sua sponte review, plaintiff is apparently unable to identify these Doe defendants by name. In light of the foregoing, and pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney

11

General's Office, which has already appeared in this case on behalf of defendant Mandalaywala, attempt to ascertain the full names of the three aforementioned Doe defendants that plaintiff seeks to sue herein.[3] The Attorney General's Office is also requested, to the extent that it is able to identify any of these Doe defendants, to provide the address where that defendant can currently be served. The Attorney General's Office need not undertake to defend or indemnify any of the Doe defendants at this juncture. This order merely provides a means by which plaintiff may name and properly serve defendants Great Meadow C.F. Offender Rehabilitation Coordinator Jane Doe #1, Great Meadow C.F. Offender Rehabilitation Coordinator Jane Doe #2, and Great Meadow C.F. Corrections Officer John Doe #1 as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the Doe defendants that remain in this case within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint is accepted for filing and is the operative pleading; and it is further

---

[3] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

**ORDERED** that the Clerk is directed to add the following individuals to the docket as defendants: (1) Jane Doe #1, Great Meadow Correctional Facility Offender Rehabilitation Coordinator; (2) Jane Doe #2, Great Meadow Correctional Facility Offender Rehabilitation Coordinator; (3) Jane Doe #3, Great Meadow Correctional Facility Corrections Officer; (4) John Doe #1, Great Meadow Correctional Facility Corrections Officer; (5) D. Bennett, Great Meadow Correctional Facility Corrections Officer; and (6) Christopher Miller, Great Meadow Correctional Facility Superintendent; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's medical indifference claims against defendants Mandalaywala, Jane Doe #1, and Jane Doe #2; (2) plaintiff's conditions-of-confinement claim against defendants Jane Doe #1 and Jane Doe #2; and (3) plaintiff's excessive force claims against defendants Bennett and John Doe #1; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[4] and it is further

**ORDERED** that defendants Jane Doe #3 and Miller are **DISMISSED without prejudice** as defendants to this action; and it is further

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec.*, *Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the second amended complaint, to the United States Marshal for service upon defendant Bennett; and it is further

**ORDERED** that the New York State Attorney General's Office is hereby requested, to the extent possible, to produce the information specified above regarding the identities of Jane Doe #1, Jane Doe #2, and John Doe #1 **within thirty (30) days** of the filing date of this Decision and Order.  Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that defendant Bennett, or his counsel, respond to the second amended complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that defendant Mandalaywala, or his counsel, respond to the second amended complaint on or before the deadline for defendant Bennett to respond to the second amended complaint; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in**

**plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

ORDERED that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

ORDERED that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:   May 29, 2018
         Syracuse, NY

*Brenda K. Sannes* (signature)
Brenda K. Sannes
U.S. District Judge